UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TYRONE HURT, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 23-12806-IT |
| | * |
| UNITED STATES OF AMERICA, | * |
| | * |
| Defendant. | * |

ORDER

December 11, 2023

TALWANI, D.J.

Plaintiff Tyrone Hurt, proceeding pro se, has filed a Notice of Appeal [Doc. No. 5] challenging this court's November 21, 2023 Order [Doc. No. 3] dismissing this action because he failed to comply with a 2013 order of enjoinment requiring him to obtain permission of the court prior to commencing a new civil action. See Hunt v. All Neo-Nazis, C.A. No. 13-11321-IT (D. Mass. June 20, 2013) [Doc. No. 5 at 7-8]. Now before the court is Hurt's Motion for Leave to Appeal *in Forma Pauperis* [Doc. No. 6]. For the reasons stated below, the court denies the motion.

I.   **Absence of the Required Financial Affidavit**

Under the Federal Rules of Appellate Procedure, a person moving for leave to appeal *in forma pauperis* must attach to his motion an affidavit that "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms [to the Federal Rules of Appellate Procedure] the party's inability to pay or to give security for fees and costs; [and] (B) claims an entitlement to redress." Fed. R. App. P. 24(a)(1).

Hurt's motion to appeal *in forma pauperis* is not accompanied by the required financial affidavit. The motion does include a one-sentence "Affidavit of Poverty, Pursuant to Title 28, Section 1915," in which Hurt "respectfully state[s] that because of [his] poverty, that [he] [is] unable to pre-pay . . . or give security" for the appeal fee." [Doc. No. 6 at 2]. This representation does not meet the requirements of Fed. R. App. P. 24(a)(1).

**II.    Appeal not Taken in Good Faith**

Under the *in forma pauperis* statute, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Regardless of any subjective good faith on the part of the appellant, "good faith" within the meaning of 28 U.S.C. § 1915(a)(3) is only demonstrated when a litigant seeks "appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is frivolous if "no reasonable person could suppose [it] to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Here, Hurt's appeal is frivolous. As the court stated in its November 21, 2023 order, in 2013 Hurt was enjoined from filing a new action in this court without first receiving leave of court to do so. The order of enjoinment clearly sets forth the procedure by which he may petition the court for such permission:

> Plaintiff is enjoined from filing any further pleadings in this action and from filing any additional or new claims, cases, complaints, or other documents in this Court, except to effect an appeal of the restrictive filing injunction, without first obtaining written approval of a judge of this Court by filing a written petition seeking leave of Court to do so. The petition must be accompanied by a copy of this Memorandum and Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for their filing. The Clerk of Court shall accept the documents, mark them received, and forward them for action on the petition to a judge of this Court authorized to act on matters on the Miscellaneous Business Docket of the Court. Any documents which are submitted for filing by the plaintiff in violation of this Order shall not be filed or docketed by the Clerk's Office, but shall be returned by the Clerk's Office to the plaintiff.

Hunt v. All Neo-Nazis, C.A. No. 13-11321-IT (D. Mass. June 20, 2013) [Doc. No. 5 at 7-8]. As Hurt made no effort to comply with the order of enjoinment, his appeal is without any merit.

### III.     Conclusion

Accordingly, the court hereby orders:

1. The Motion for Leave to Appeal *in Forma Pauperis* [Doc. No. 6] is DENIED.

2. The clerk shall transmit a copy of this order to the United States Court of Appeals for the First Circuit.

3. If Hurt would still like to pursue *in forma pauperis* status on appeal, he may, within thirty (30) days, file with the United States Court of Appeals for the First Circuit a new motion for leave to appeal *in forma pauperis*. See Fed. R. App. P. 24(a)(5).[1] The clerk shall provide Hurt with a blank Affidavit Accompanying Motion for Permission to Appeal *in Forma Pauperis*[2] and a copy of the June 20, 2013 order of enjoinment.

IT IS SO ORDERED.

                                                   /s/ Indira Talwani  
                                                  United States District Judge

December 11, 2023

---

[1] Rule 24(a)(5) of the Federal Rules of Appellate Procedure provides:

> A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice [of the district court's order denying the motion to appeal in forma pauperis]. The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

Fed. App. P. 24(a)(5). The court emphasizes that the motion permitted under this rule must be filed with the Court of Appeals rather than with the District Court.

[2] This form is also available at https://www.ca1.uscourts.gov/sites/ca1/files/form4.pdf (last visited December 7, 2023).